# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3844 | **DATE** | 1/9/2003 |
| **CASE TITLE** | Wayne Smith vs. Sprint Communications Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry]   Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we deny the motion of Intervenors M.A.S. Hallaba and Chemtronics, Inc. for an order requiring the joinder of unidentified Right of Way Providers obtaining releases under the proposed settlement agreement. We refer decision on whether disclosure on whether of the unidentified Right of Way Providers is necessary to Magistrate Judge Brown.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | |
|---|---|---|---|
| | No notices required, advised in open court. | | Document Number |
| | No notices required. | number of notices | |
| | Notices mailed by judge's staff. | JAN 10 2003 | |
| | Notified counsel by telephone. | date docketed | |
| ✓ | Docketing to mail notices. | | 263 |
| | Mail AO 450 form. | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. Brown | | |
| | TSA courtroom deputy's initials | date mailed notice | |
| | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| WAYNE SMITH, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Wayne R. Andersen |
| v. | ) | District Judge |
| SPRINT COMMUNICATIONS | ) | |
| COMPANY L.P., et al., | ) | Case No. 99 C 3844 |
| | ) | |
| Defendants. | ) | |

JAN 10 2003

## **MEMORANDUM OPINION AND ORDER**

This case is before the Court on the motion of intervenors M.A.S. Hallaba and Chem-Tronics, Inc. for an order requiring the disclosure and joinder of unidentified Right of Way Providers obtaining releases under the proposed settlement agreement. For the following reasons, the portion of the motion requesting joinder of the Right of Way Providers is denied, and the portion of the motion requesting disclosure of the Right of Way Providers is referred to Magistrate Judge Brown.

## BACKGROUND

This litigation arises because the defendant telecommunications companies installed fiber optic cable in railroad rights of way. The plaintiffs own land adjoining the railroad rights of way. The plaintiffs contend that defendants do not have the legal right to install their fiber optic cable in the railroad rights of way. A proposed settlement which purports to resolve the fiber optic cable litigation nationwide has been negotiated between a proposed class of plaintiffs in this case and certain defendants.

Under the proposed settlement agreement between the defendants and the class plaintiffs, the term "Right of Way Provider" is defined as "any railroad or other primary occupier of a railroad Right of Way that has granted rights to install or use Telecommunications Facilities in such Right of Way." Therefore, the term "Right of Way Provider" refers to the railroads which have granted rights to the defendants to install the fiber optic cable. Under the terms of the proposed settlement agreement, the class members will release all claims against the Released Parties, including the Right of Way Providers, relating to the presence of Telecommunications Facilities owned by defendants on Rights of Way abutting the property of the class members.

Two of the intervenors, M.A.S. Hallaba and Chem-Tronics ("intervenors"), have filed a motion for an order requiring the disclosure and joinder of the unidentified Right of Way Providers who will be obtaining releases under the proposed settlement agreement. There are two parts to the intervenors' motion. First, intervenors have moved, pursuant to Fed.R.Civ.P. 23(d)(5), to require the defendants to disclose the identity of all "Right of Way Providers" as defined in the proposed settlement agreement. Second, intervenors have moved, pursuant to Fed.R.Civ.P. 21, to require the joinder of these same "Right of Way Providers" as defendants in this action. We will address each of these arguments in turn.

## DISCUSSION

I. Disclosure of the Identity

Intervenors have first moved to require defendants to disclose the identity of the "Right of Way Providers." Magistrate Judge Brown, to whom we have referred all discovery matters in this case, is already entertaining similar motions regarding how the identity of the Right of Way Providers should be disclosed. Thus, we consider this request to be a discovery motion in

2

disguise, and we leave resolution of the issue of whether, or how, defendants must disclose the identity of the Right of Way Providers to Magistrate Judge Brown.

II. Joinder

Intervenors next request that the Right of Way Providers be joined in this action. Intervenors' motion would require each railroad Right of Way Provider to be served with the Amended Complaint, hire legal counsel, attend hearings, and otherwise participate directly in this action. Intervenors present two primary arguments in support of their motion. First, they argue that without joinder of the Right of Way Providers, the court cannot determine the fairness, adequacy and reasonableness of the proposed settlement. Second, intervenors argue that the Right of Way Providers need to be joined in this action in order to be released from liability.

Intervenors' argument that, without joinder of the Right of Way Providers, this Court cannot determine the fairness, adequacy and reasonableness of the proposed settlement is without merit. The proposed Settlement Agreement clearly provides that the class members are relinquishing their rights to any claim

> arising out of or relating to the ownership, installation, occupation, maintenance, or use of Telecommunications Facilities within any Right of Way, including but not limited to, claims for trespass, unlawful entry, slander of title, quiet title, breach of a covenant, unjust enrichment, ownership, possession, conversion, conspiracy, injunctive relief, attorney's fees, criminal mischief/criminal trespass, inverse condemnation, and declaratory judgment, and any of the facts, transactions, events, occurrences, acts or failures to act which were or could have been alleged in this Action.

This release is limited to the Telecommunications Facilities owned by the four named defendants. In other words, each class member is giving up all of his or her claims arising out of a defined occurrence or series of occurrences. Who owns the rights of way associated with those

Telecommunications Facilities or who else is released from liability is not material in determining whether the amount paid in settlement of these claims is fair and reasonable.

Moreover, the release is limited to the Right of Way itself. It does not cover "any claim relating to physical harm or damage caused to property other than the Right of Way or any claims for bodily injury." Thus, intervenors' contention that they cannot determine whether they have any potential claims against these Right of Way Providers unless they are joined ignores the clear terms of the settlement agreement. If the class members have a claim against the Right of Way Providers relating to issues other than the presence of the defendants' Telecommunications Facilities in the Right of Way, those claims are not released in the proposed settlement documents. To claim, as intervenors do, that no one will know "what the deal is" unless the Right of Way Providers are joined is not correct.

Second, the Right of Way Providers do not need to be joined in this action in order to be released from liability. It is not uncommon for a release to use general terms to identify released parties often identifying them categorically. However, there is no requirement that a released party be joined in a class action in order for a court to approve a settlement agreement. The fairness of the settlement agreement in this case can be determined without joining the Right of Way Providers in the action.

We find that the joinder of the Right of Way Providers is both unnecessary and unjust. The joinder of the Right of Way Providers will needlessly delay the outcome of the litigation, impose unwarranted costs on the Right of Way Providers, and will not aid the court in determining whether the proposed settlement agreement is fair, adequate and reasonable. In addition, we note that these intervenors have failed to join the Right of Way Providers in their

actions against these defendants in other courts. Moreover, it is noteworthy that other courts have approved settlements in other fiber optic cable class actions without the joinder of the Right of Way Providers. *See, e.g., Uhl v. Thoroughbred Technology and Telecommunications, Inc.*, 309 F.3d 978 (7th Cir. 2002).

For these reasons, intervenors' motion seeking joinder of the Right of Way Providers is denied.

## CONCLUSION

For the foregoing reasons, we deny the motion of Intervenors M.A.S. Hallaba and Chem-Tronics, Inc. for an order requiring the joinder of unidentified Right of Way Providers obtaining releases under the proposed settlement agreement. We refer decision on whether disclosure of the unidentified Right of Way Providers is necessary to Magistrate Judge Brown.

/s/ Wayne R. Andersen
Wayne R. Andersen
United States District Court

Dated: January 9, 2003