# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3844 | **DATE** | 1/9/2003 |
| **CASE TITLE** | Smith vs. Sprint Communications Company | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: We deny [174-1] the motion by intervenors M.A.S. Hallaba and Chemtronics, Inc. for an order compelling defendants to reform or clarify the pleadings.**

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JAN 13 2003 | |
| ✓ | Docketing to mail notices. | | date docketed | 264 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| TSA | courtroom deputy's initials | | date mailed notice | |
| | | | mailing deputy initials | |

U.S. DISTRICT COURT
CLERK
03 JAN 10 AM 8:25
FILED TO

Date/time received in central Clerk's Office

RECEIVED

JAN 1 0 2003

WAYNE SMITH, )
)
Plaintiffs, )
) Wayne R. Andersen
v. ) District Judge
SPRINT COMMUNICATIONS )
COMPANY L.P., et al., ) Case No. 99 C 3844
)
Defendants. )

JAN 1 0 2003

## MEMORANDUM OPINION AND ORDER

This case is before the Court on the motion of intervenors M.A.S. Hallaba and Chem-Tronics, Inc. for an order compelling defendants to reform or clarify the pleadings. For the following reasons, the motion is denied.

## BACKGROUND

This litigation arises because the defendant telecommunications companies installed fiber optic cable in railroad rights of way. The plaintiffs own land adjoining the railroad rights of way. The plaintiffs contend that defendants do not have the legal right to install their fiber optic cable in the railroad rights of way. A proposed settlement which purports to resolve fiber optic cable litigation nationwide has been negotiated between a proposed class of plaintiffs in this case and certain defendants.

Two of the intervenors, M.A.S. Hallaba and Chem-Tronics ("intervenors"), have filed a motion for an order requiring defendants to reform or clarify the pleadings. In that motion, intervenors claim that, under the proposed settlement, the defendants are seeking affirmative relief in the form of a judgment awarding them vast and valuable land rights from all class members and

264

barring future claims by the plaintiffs. Intervenors argue that the proposed settlement is problematic because the defendants have failed to provide pleadings which could form the legal basis for such a judgment. Thus, intervenors request that this Court enter an order compelling defendants to clarify, in the pleadings, the substantive basis for the entry of a judgment in favor of the defendants.

## DISCUSSION

### I. The Pleadings Support The Proposed Settlement

Intervenors first argue that the proposed settlement seeks relief which defendants could never obtain by a judgment in the lawsuit after trial. Intervenors claim that the pleadings do not provide a basis for the relief sought in the proposed settlement. We find that the pleadings do support the proposed settlement and provide a basis for the relief sought.

The proposed settlement contemplates that defendants will receive releases and an easement, of a specified type, for which class members will be paid an average of 75 cents per foot, before deduction of attorneys' fees and costs. Thus, pursuant to the proposed settlement, defendants will receive an easement, but plaintiffs will be compensated for it. Plaintiffs also will have the right to pursue claims against non-defendant telecommunications companies. Accordingly, the proposed settlement is well within the scope of the issues framed by the pleadings.

Moreover, a determination of the precise scope of the easement is premature at this point. Issues regarding the scope of the easement and the ramifications it will have on parties and non-parties alike will be fully explored and resolved when the Court rules on the motion for preliminary approval of the settlement.

## II. Settlements Can Provide For Relief Outside Of The Pleadings

A settlement can include relief that would not flow from a judgment after trial if the parties agree to it. Intervenors acknowledge this point, but argue that class actions must be treated differently. Intervenors claim that class settlements can never provide relief outside the pleadings. We reject this notion because a class settlement can provide for the broad release of claims, including claims not stated in the complaint. *See Matsushita Elec. Indus. Co. v. Epstein*, 516 U.S. 367, 375 (1996); *Uhl v. Thoroughbred Technology and Telecommunications, Inc.*, 309 F.3d 978 (7th Cir. 2002). The requirement for judicial approval of the settlement provides the guarantee that the overall settlement, whatever its terms, is fair, just and equitable.

The Seventh Circuit recently upheld a class action settlement similar to the proposed settlement in the instant case. *Uhl*, 309 F.3d 978. In *Uhl*, property owners brought a class action complaint against a telecommunications company alleging slander of title and trespass after the company announced that it had the right to install conduits for fiber optic cables along railroad right of way corridors. *Id.* Under the terms of the *Uhl* settlement agreement, all class members would abandon any claims against the telecommunications company and transfer an easement to the company for the specific purpose of laying cable. *Id.* at 982. In exchange for the easement, the class members would receive varying compensation. *Id.* The Seventh Circuit upheld the District Court's certification of the settlement class and the approval of the settlement agreement. *Id.* at 988. Thus, Seventh Circuit approval exists for the granting of an easement even though that easement is not a claim stated in the complaint.

Moreover, in this case, class members can reject the terms of the proposed settlement by opting out of the settlement. Class settlements involving releases of individual claims are routinely

approved and enforced if the class is given fair notice and an opportunity to opt out. *See, e.g.,* *Thompson v. Edward D. Jones & Co.*, 992 F.2d 187, 191-92 (8th Cir. 1993); *Grimes v. Vitalink Communications Corp.*, 17 F.3d 1553, 1563-64 (3d Cir. 1994).

Allowing for the broad release of related claims is in accord with the general policy in favor of the settlement of class litigation. Defendants would have little incentive to negotiate class settlements if they could not secure a broad release generally insulating themselves from further litigation by those who participate in the settlement. *See, e.g., TBK Partners, Ltd. v. Western Union Corp.*, 675 F.2d 456, 460 (2d Cir. 1982); *In re VMS Sec. Litig.*, 1993 WL 105423, at *2 (N.D. Ill. 1993). In the Seventh Circuit, the negotiation of a class settlement may properly result in a broadly drafted release. *See, e.g., In re Brand Name Prescription Drugs Antitrust Litig.*, 1996 WL 167347, at * 2 (N.D. Ill. Apr. 4, 1996) ( approving of a release that extinguished Robinson-Patman Act and state law claims against released party, even though those claims were not alleged); *Oswald v. McGarr*, 620 F.2d 1190, 1198 (7th Cir. 1980) (settlement is a compromise and may include release of claims not before the court).

For these reasons, we find that the provisions of the proposed settlement could be upheld even if they went beyond the relief contemplated in the pleadings.

III. <u>The Proposed Settlement Does Not Wrongfully Compromise Future Tort Claims</u>

Finally, we find that the proposed settlement does not involve a compromise of "future tort claims." The proposed settlement provides for the grant of an easement which will define defendants' rights in the future. If, in the future, defendants exercise their rights consistent with the easement, they will commit no tort, and there will be no "future tort" to compromise. If, in the future, some defendant should act inconsistently with the easement and, if that constitutes a tort to

any class member, nothing in the settlement attempts to release such a tort. Class members will have rights to seek whatever remedies for that tort may exist, and they also have settlement enforcement rights. Thus, we find that "future torts" are not wrongfully compromised by the proposed settlement.

<u>CONCLUSION</u>

For the foregoing reasons, we deny the motion by intervenors M.A.S. Hallaba and Chemtronics, Inc. for an order compelling defendants to reform or clarify the pleadings.

Wayne R. Andersen
United States District Court

Dated: _January 9, 2003_