# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3844 | **DATE** | 1/17/2003 |
| **CASE TITLE** | Wayne Smith vs. Sprint Communications Company | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: We deny the motion of the Buhl Intervenors for preliminary dismissal.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | JAN 23 2003 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | docketing deputy initials | 282 |
| | Copy to judge/magistrate judge. | | | |
| | TSA courtroom deputy's initials | 03 JAN 22 PM 2:13 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| WAYNE SMITH, | ) |
|---|---|
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 99 C 3844 |
| | ) |
| SPRINT COMMUNICATIONS | ) Wayne R. Andersen |
| COMPANY, L.P., et al., | ) District Judge |
| | ) |
| Defendant. | ) |

DOCKETED JAN 2 3 2003

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the motion of the Buhl Intervenors for preliminary dismissal. For the following reasons, the motion is denied.

### BACKGROUND

This litigation arises because the defendant telecommunications companies installed fiber optic cable in railroad rights of way. The plaintiffs own land adjoining the railroad rights of way. The plaintiffs contend that defendants do not have the legal right to install their fiber optic cable in the railroad rights of way. A proposed settlement, which purports to resolve fiber optic cable litigation nationwide, has been negotiated between a proposed class of plaintiffs in this case and certain defendants.

The Buhl Intervenors are a group of plaintiffs who have fiber optic cable class actions pending in Tennessee. They have filed a motion for preliminary dismissal, requesting that this Court dismiss the nationwide class action aspect of this case and/or "carve out" the Tennessee class members from the settlement.

Only one portion of the Buhl Intervenors' motion presents a dispositive ground for

282

dismissal–the argument that the court should dismiss this action for lack of subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(1). The other arguments that the Buhl Intervenors have asserted are not dispositive and are, instead, premature attacks on the fairness of the settlement.

## DISCUSSION

In this case, the third amended complaint alleges that this Court has federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332, as well as supplemental jurisdiction. We will proceed to analyze whether we have jurisdiction over the claims alleged in this action.

I. <u>Subject Matter Jurisdiction</u>

A. <u>Federal Question Jurisdiction</u>

In this case, plaintiffs' claims are based upon the allegations that: 1) they own property adjacent to a railroad right-of-way on which defendants' telecommunications facilities were installed; 2) the right-of-way is an easement; and 3) the easement is limited to uses that do not include telecommunications. Plaintiffs have alleged that certain of the right-of-ways in question were created by Federal Land Grant Acts.

The United States Supreme Court has long held that, when a claim depends "upon the nature and effect of the acts of Congress, its solution necessarily involves a Federal question." *Northern Pacific Ry. Co. v. Townsend*, 190 U.S. 267, 270 (1903). Even before *Townsend*, the Supreme Court had held that an action arises under federal law when the validity of plaintiffs' claims depends upon the interpretation of federal statutes creating railroad right-of-ways. *Kansas Pacific Ry. Co. v. Atchison, Topeka & Santa Fe R. Co.*, 112 U.S. 414 (1884); *Northern Pacific R.*

*Co. v. Colburn*, 164 U.S. 383 (1896).

Based upon these firmly established principles, federal district courts recently have held that there is federal question jurisdiction over claims for compensation based upon telecommunications companies' use of right-of-ways created by Federal Land Grant Acts. In *AT&T Fiber Optic Cable Installation Litigation*, 2001 WL 1397295 (S.D. Ind. 2001), plaintiffs asserted claims based upon defendant's use of federal land grant right-of-ways for telecommunications purposes. The Court held:

> The decisive issue for each such claim is whether the legislation granted to the railroad an interest in the land that allowed the railroad to grant an easement in turn for the installation of communications cables along the right-of-way. . . . Under *Kansas Pacific*, those claims arise under federal law.

*Id.* at * 11.

Similarly, in *Chambers v. Sprint Corporation*, 00-C-0349 (W.D. Wis. Oct. 10, 2000), the Court held that it had federal question jurisdiction because:

> in order to prevail on their state law claims, plaintiffs must demonstrate that defendants did not have the legal right to bury a fiber optic cable in the right-of-way on their property without their permission. Resolution of plaintiffs' claims will depend on the scope of defendant Union Pacific's property rights and more precisely, whether those property rights gave defendant Union Pacific the authority to allow defendant Sprint to bury a fiber optic cable in the right-of-way.

*Id.* at * 5.

In this case, the resolution of the claims of certain named plaintiffs will turn on the nature and effect of the Federal Land Grant Acts that created the railroad right-of-ways adjacent to those plaintiffs' property. Construction of the Federal Land Grant statutes will determine the nature of the railroads' interest in the property, whether plaintiffs own any property interest in the right-of-way, and whether a telecommunications use is within the scope of the property interest held by

3

the railroad. Therefore, under the principles of federal jurisdiction established by the United States Supreme Court and applied by district courts in substantively identical right-of-way cases, we find that we have federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331.

### B. Diversity Jurisdiction

Under 28 U.S.C. §1332, a district court has diversity jurisdiction over a civil case when: 1) there is diversity of citizenship between parties; and 2) the matter in controversy exceeds $ 75,000, exclusive of interests and costs.

#### 1. Diversity of Citizenship

Diversity of citizenship requires complete diversity between the parties. Thus, no plaintiff can be a citizen of the same state as any defendant. *See, e.g., Neuma, Inc. v. AMP, Inc.*, 259 F.3d 864, 881 (7th Cir. 2001). The complete diversity requirement applies to class actions. "The complete diversity requirement in class actions is based on the citizenship of the named plaintiffs at the time the action is filed . . . .The citizenship of the unnamed class members is disregarded." *Gibson v. Chrysler, Corp.*, 261 F.3d 927, 931, n.2 (9th Cir. 2001). *See also Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996).

In this case, there is complete diversity between the named plaintiffs and defendants. When this action was commenced, the sole plaintiff was a citizen of the state of Illinois. On the defendants' side, there were two defendants named in the original complaint. Sprint Communications Company L.P., is a Delaware limited partnership with its principal place of business in Kansas. The partners of Sprint are U.S. Telecom, Inc., a Kansas corporation with its principal place of business in Kansas; UCOM, Inc., a Missouri corporation with its principal place of business in Kansas; UTELCOM, Inc. a Kansas corporation with its principal place of

4

business in Kansas; and Sprint International Communications Corporation, a Delaware corporation with its principal place of business in Virginia. Union Pacific Railroad, the other originally named defendant, is a Utah corporation with its principal place of business in Nebraska. Therefore, there was complete diversity of citizenship between the parties when the action was commenced.

When the second amended complaint was filed on September 4, 2002, it included plaintiffs from Illinois, Wyoming, Arizona, and Wisconsin and, in addition to Sprint and Union Pacific, defendants who are citizens of the states of Delaware, Colorado, and Oklahoma. A limited partner in the parent of plaintiff Swan Ranch, LLC recently moved from Wyoming to Colorado, resulting in a plaintiff and a defendant both being citizens of Colorado. However, plaintiffs have filed a third amended complaint that drops Swan Ranch LLC as a plaintiff and also adds a citizen of Nevada as a defendant. Thus, now there is complete diversity between the parties.

2. Amount in Controversy

The second requirement of § 1332, amount in controversy, also is satisfied. In this case, plaintiffs have alleged that the amount in controversy exceeds $75,000, exclusive of interest, costs and attorneys' fees. If the claim of one named class representative places in controversy an amount in excess of $75,000, exclusive of interest and costs, that is sufficient to give this Court jurisdiction over that plaintiff's claim. The Court may then exercise supplemental jurisdiction over the claims of all other class members. *See Rosmer v. Pfizer, Inc.*, 263 F.3d 110, 114 (4th Cir. 2001); *In re Brand Name Prescription Drugs Antitrust Litigation*, 123 F.3d 599, 607 (7th Cir. 1997).

In determining whether the requisite amount is in controversy to sustain diversity jurisdiction, "the sum claimed by the plaintiff controls if the claim is apparently made in good faith." *St. Paul Mercury Indemnity Co. v. Red Cab Co.*, 303 U.S. 283, 288 (1938). "The inability of plaintiff to recover an amount adequate to give the court jurisdiction does not show his bad faith or oust the [court's] jurisdiction." *Id.* at 289. Likewise, a settlement for less than the jurisdictional amount does not undermine the court's jurisdiction. *In re Joint Asbestos Litig.*, 982 F.2d 721, 734 (2d Cir. 1987).

This case is similar to the case of *Uhl v. Thoroughbred Technology & Telecommunications, Inc.*, 309 F.3d 978 (7th Cir. 2002). In *Uhl*, the relief plaintiff requested was primarily declaratory, seeking a determination that defendant did not have the right prospectively to install fiber optic cable in the right-of-way adjacent to plaintiff's property. The Seventh Circuit held that the district court had diversity jurisdiction because:

> [Plaintiff] asserts that it is unquestioned that . . . [defendant] would have to spend more than $75,000 to avoid the costs of injunction and condemnation even if only his land was involved. Mason [the intervenor/objector] has offered nothing to refute that factual assertion.

*Id.* at 984 (citations omitted).

In this case, plaintiffs have sought a declaration that defendants have no right to occupy the railroad right-of-ways with their telecommunications facilities and an injunction requiring the defendants to remove their fiber optic cable. The jurisdictional minimum is satisfied in a case in which a plaintiff seeks injunctive relief, when compliance with an injunction would cost a defendant more than $75,000. *Uhl*, at 984; *In re Brand Name Prescription Drugs Antitrust Litigation*, 123 F.3d at 609. In this case, as in *Uhl*, it is clear that complying with such an

6

injunction would exceed $75,000.

For all of these reasons, we find that the requisite amount in controversy is established, and we have jurisdiction over plaintiffs' claims under 28 U.S.C. § 1332(a).

C. Jurisdiction Over Tennessee Class Members

In arguing that this Court does not have subject matter jurisdiction over this action, the Buhl Intervenors focus on the argument that the Court does not have independent jurisdiction over the claims of Tennessee class members. Under the law of the Seventh Circuit, however, a jurisdictional basis for the claims of each member of the class is unnecessary. *See In re Brand Name Prescription Drugs Anti Trust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997). If there is jurisdiction over the claims of one named plaintiff, "the other named plaintiffs and the unnamed class members can, by virtue of the supplemental jurisdiction conferred on the federal district courts by 28 U.S.C. § 1367, piggyback on that plaintiff's claim." *Id. See also Stromberg Metal Works, Inc. v. Press Mechanical, Inc.*, 77 F.3d 928, 932 (7th Cir. 1996).

As we have previously held, we have subject matter jurisdiction over the named plaintiffs' claims under 28 U.S.C. § 1331 and 1332. Therefore, we can exercise pendent party jurisdiction over the claims of Tennessee class members, even if there is no independent basis for jurisdiction over those claims.

II. Buhl Intervenors' Remaining Arguments

A. Abstention

The Buhl Intervenors next argue that the *Colorado River* doctrine of abstention provides a basis on which Tennessee class members should be "carved out" of the federal court settlement. *See Colorado River Water Conservation District v. United States*, 424 U.S. 800 (1976). Under

the *Colorado River* abstention doctrine, a district court may dismiss or stay an action if there is an ongoing parallel action in state court and "exceptional circumstances" are present. *LaDuke v. Burlington Northern R., Co.*, 879 F.2d 1556, 1558 (7th Cir. 1989). Application of the doctrine requires that the state court action has the potential to resolve all claims pending in the federal action:

> When a district court decides to dismiss or stay under *Colorado River*, it presumably concludes that the parallel state-court litigation will be an adequate vehicle for the complete and prompt resolution of the issues between the parties. If there is any substantial doubt as to this, it would be a serious abuse of discretion to grant the stay or dismissal at all.

*Moses H. Cone Hospital v. Mercury Constr. Corp.*, 460 U.S. 1, 28 (1983). Thus, *Colorado River* abstention should not be considered unless the federal court has determined that there is a "substantial likelihood that the state litigation will dispose of all claims presented in the federal case." *Lumen Const., Inc. v. Brant Const. Co., Inc.*, 780 F.2d 691, 695 (7th Cir. 1985).

One of the factors that we must consider in determining whether to stay our action in deference to a parallel state court proceeding is "the desirability of avoiding piecemeal litigation." *LaDuke*, 879 F.2d at 1559. In this case, the Tennessee litigation is not a vehicle for the complete resolution of claims between the parties to this action because it involves only a small percentage of the claims against one of the five defendants here. To "carve out" the Tennessee litigation would provide a prime example of engaging in the sort of piecemeal litigation that the *Colorado River* doctrine is designed to avoid. Therefore, we find that an abstention under the *Colorado River* doctrine is not appropriate at this time.

B. <u>Miscellaneous Arguments</u>

The remaining arguments presented by the Buhl Intervenors, are not dispositive. Rather,

8

they are premature attacks on the fairness of the settlement. Therefore, we need not address these arguments now, but will reserve consideration of them when we rule on the motion for preliminary approval of the settlement agreement.

## CONCLUSION

For the foregoing reasons, we deny the motion of the Buhl Intervenors for preliminary dismissal.

It is so ordered.

Wayne R. Andersen
United States District Judge

Dated: January 17, 2003