Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 99 C 3844 | DATE | 2/26/2003 |
| CASE TITLE | Wayne Smith vs. Sprint Communications | | |

MOTION: [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

DOCKET ENTRY:

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: For the foregoing reasons, we deny the Schillinger Intervenors objections to the November 19, 2002 Memorandum Opinion of Magistrate Judge Geraldine Soat Brown ([245-1], [249-1].**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 27 2003 | |
| | Notified counsel by telephone. | | date docketed | 316 |
| ✓ | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. Brown | | | |
| TSA | courtroom deputy's initials | 03 FEB 26 PM 2:48 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

WAYNE SMITH, )
)
    Plaintiff, )
)
v. ) No. 99 C 3844
)
SPRINT COMMUNICATIONS ) Wayne R. Andersen
COMPANY L.P., et al., ) District Judge
)
    Defendants. )

DOCKETED FEB 27 2003

FEB 27 2003

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the objections of the Schillinger Intervenors ("Intervenors") to the November 19, 2002 Memorandum Opinion issued by Magistrate Judge Geraldine Soat Brown. For the following reasons, the objections are denied.

## BACKGROUND

The litigation arises because the defendant telecommunications companies installed fiber optic cable in railroad rights of way. The plaintiffs own land adjoining the railroad rights of way. The plaintiffs contend that defendants do not have the legal right to install their fiber optic cable in the railroad rights of way. A proposed settlement which purports to resolve the fiber optic cable litigation nationwide has been negotiated between a proposed class of plaintiffs in this case and certain defendants.

Before the Magistrate Judge, the Intervenors filed a motion for discovery of settlement negotiations seeking discovery of the negotiations that led to the September 4, 2002 Settlement Agreement between the proposed class of plaintiffs and the settling defendants. In that

3 1 6

motion, Intervenors sought discovery of the face to face negotiation meetings, drafts of the Settlement Agreement, and depositions of the key settlement negotiators.

In her November 19, 2002 Memorandum Opinion, Magistrate Judge Brown ordered a substantial amount of the discovery sought by Intervenors to be produced to, and reviewed by, Special Master James Wilson. Specifically, Magistrate Judge Brown ordered that all written settlement proposals, drafts of the Settlement Agreement and exhibits thereto, and cover letters which were exchanged between plaintiffs' class counsel and the settling defendants be produced to Special Master Wilson. The Special Master then reviewed the documents and found no evidence of collusion or a negative auction.

Currently before this Court are Intervenors' objections to Magistrate Judge Brown's Opinion regarding the discovery of settlement negotiations. In their objections, Intervenors seek broader discovery into the settlement negotiations than that authorized by Magistrate Judge Brown. Specifically, Intervenors seek the depositions of the principal negotiators and discovery of all aspects of the settlement negotiations from the fall of 2000 until the fall of 2001.

## DISCUSSION

Fed.R.Civ.P. 72(a) governs review of discovery decisions made by a Magistrate Judge. The District Judge "shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." Fed.R.Civ.P. 72(a). Under the clear error standard, the District Court may overturn the Magistrate Judge's ruling only if the "court is left with the definite and firm conviction that a mistake has been

made." *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997); *Traharne v. Wayne Scott Fetzer Co.*, 156 F. Supp.2d 717, 719 (N.D. Ill. 2001).

The Seventh Circuit case of *Mars Steel Corporation v. Continental Illinois National Bank*, 834 F.2d 677, 684 (7th Cir. 1987) governs whether a moving party may obtain discovery of settlement negotiations. In that case, the Seventh Circuit held that:

> [d]iscovery of settlement negotiations in ongoing litigation is unusual because it would give a party information about an opponent's strategy, and it was not required in this case. . . . Such discovery is proper only where the party seeking it lays a foundation by adducing from other sources evidence indicating that the settlement may be collusive . . . .
> *Mars*, 834 F.2d at 684.

The Seventh Circuit requires more than a claim that the settlement is unfair in order to permit discovery into settlement negotiations. *Mars*, 834 F.2d at 684. The Seventh Circuit requires that a party seeking discovery of settlement negotiations must lay a foundation by presenting evidence from other sources that the settlement is collusive. *Id*. This evidence must come from sources other than the settlement agreement itself, and only a showing of wrongdoing separate from the claim that the settlement is unfair or inadequate will meet this test. *Id*.

In her Memorandum Opinion, Magistrate Judge Brown articulates the strong public policy reasons that led the *Mars* court to require a threshold showing before granting discovery of settlement negotiations. If courts routinely allowed overly broad discovery into settlement negotiations, particularly the depositions of negotiators, this would have an obviously chilling effect on the desire to settle cases. This type of discovery carries a great risk of exposing legal strategy and attorney client privileged communications.

3

In this case, Intervenors argue that the terms of the settlement, compared to those of other settlement agreements in fiber optic litigation, evidence collusion. Intervenors argue that the higher dollar-per-foot benchmarks set by other fiber optic cable right of way settlements provide the "other" evidence of collusion that supports discovery of the settlement negotiations in this case. Magistrate Judge Brown's order reflects that she fully understood that argument and the concept of reverse auction from which it flowed. Magistrate Judge Brown carefully considered all of the evidence the Intervenors presented and found that it was insufficient. As she correctly noted "a disagreement about the merits of the settlement agreement cannot be the basis for a ruling permitting discovery of settlement negotiations, or discovery would be available in virtually every proposed class settlement to which there is an objection. . . . Accordingly, the Seventh Circuit requires evidence 'from other sources' that the settlement may be collusive." Memorandum Opinion, at 4.

Magistrate Judge Brown found that the Intervenors had presented no evidence of collusion and, therefore, the rule of the *Mars* case precluded her from permitting the overly intrusive discovery they sought. This decision and the order to provide Special Master Wilson with the settlement documents, which he has found offer no evidence of collusion or a reverse auction, are in keeping with Seventh Circuit precedent regarding the discovery of settlement negotiations. If the negotiation process was tainted by collusion, that would be revealed by the discovery that Magistrate Judge Brown has already ordered. The documents were produced, Special Master Wilson reviewed them, and found no evidence of collusion or reverse auction. Instead, Special Master Wilson noted that the documents reflected "vigorous advocacy" and "significant disagreement, rewriting and compromise" between plaintiffs' counsel and defense

counsel. Report of Special Master, January 3, 2003 at p. 4. Therefore, we uphold Magistrate Judge Brown's ruling because Intervenors have not made the threshold showing of collusion as required by *Mars*.

For these reasons, we find that Magistrate Judge Brown's ruling is not "clearly erroneous" or "contrary to law." We find Magistrate Judge Brown's ruling to be in complete accord with the Seventh Circuit precedent governing the discovery of settlement negotiations. Therefore, Intervenors' objections to Magistrate Judge Brown's November 19, 2002 Memorandum Opinion are denied.

## CONCLUSION

For the foregoing reasons, we deny the Schillinger Intervenors objections to the November 19, 2002 Memorandum Opinion of Magistrate Judge Geraldine Soat Brown. (# 245, 249)

It is so ordered.

*Wayne R. Andersen*
Wayne R. Andersen
United States District Judge

Dated: *February 26, 2003*