# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3844 | **DATE** | 7/2/2003 |
| **CASE TITLE** | Smith et al vs. Sprint et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
  ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] **Enter MEMORANDUM, OPINION AND ORDER: We deny Intervenors Chem-Tronics, Inc.'s Objections to the 2/11/2003 order of Magistrate Judge Geraldine Soat Brown.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | |
|---|---|---|---|---|
| | No notices required. | | number of notices | **Document Number** |
| | Notices mailed by judge's staff. | | JUL 3 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| ✓ | Docketing to mail notices. | | | 356 |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | |
| ✓ | Copy to judge/magistrate judge. Brown | | | |
| TSA | courtroom deputy's initials | 03 JUL -3 AM 8:25 Date/time received in central Clerk's Office | date mailed notice mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JUL 3 - 2003

WAYNE P. SMITH, et al )
    Plaintiffs, )
)
v. ) No. 99 CV 3844
)
SPRINT COMMUNICATION ) Wayne R. Andersen
COMPANY, L.P., et al., ) District Judge   JUL 3 2003
)
    Defendants.

## MEMORANDUM, OPINION AND ORDER

This case is before the Court on the Objection of Intervenors Chem-Tronics, Inc. ("Intervenors") to the Order of Magistrate Judge Geraldine Soat Brown entered on February 11, 2003. For the following reasons, we deny Intervenors' Objections.

### BACKGROUND

Intervenors object to two specific portions of Magistrate Judge Brown's February 11, 2003 Order, namely: (1) the portion of the Order denying certain intervenors' motion to require Defendants to provide a comprehensive list identifying all right-of-way providers, outside those contained in the longitudinal agreements with the railroads, who would be released by the Settlement Agreement at issue; and (2) the portion of the Order granting Defendants' Motion for Protective Order as to the Rule 30(b)(6) depositions sought by certain intervenors. This second objection is now moot because all of the Rule 30(b)(6) depositions have taken place. Thus, we will not address the portion of Magistrate Judge Brown's Order regarding the Motion for Protective Order as to the Rule 30(b)(6) depositions.

## DISCUSSION

### I. Timeliness Of The Objections

First, it should be pointed out that Intervenors' Objections are untimely, and as such cannot be the basis of any modification to the Order. Pursuant to Federal Rule of Civil Procedure 72(a), a party objecting to a magistrate judge's order must serve and file objections to that order "[w]ithin 10 days after being served with a copy of the magistrate judge's order; a party may not thereafter assign as error a defect in the magistrate judge's order to which objection was not timely made."

As noted above, the Order at issue here was entered on February 11, 2003, and shows that notice of the Order was mailed to the parties that same day. Yet Intervenors' Objections were not filed until March 3, 2003, some twenty days after entry of the Order. Even allowing for mailing time, Intervenors' Objections are untimely, because there is no claim or evidence by Intervenors that they did not receive the Order until February 21, 2003 (the earliest receipt date which could possibly make Intervenors' Objections timely). As such, Intervenors' Objections to the Order are untimely. However, even if we were to find that Intervenors' Objections were timely filed, we would still not be inclined to grant them for the reasons stated below.

### II. Disclosure Of Unidentified Right-Of-Way Providers

Intervenors' first complaint is that Magistrate Judge Brown did not order Defendants to identify those right-of-way providers to be released by the Settlement Agreement. The parties intend, under the terms of the Settlement Agreement, to release any railroad granting an easement or right-of-way to the Settling Defendants adjacent to any class member's property. Magistrate Judge Brown ruled that the Settling Defendants and Plaintiffs have already provided the identity

2

of those to be released Right-of-Way Providers that granted more than twenty-five miles of access to the defendants, by producing the longitudinal contracts.

Contrary to Magistrate Judge Brown's Order, Intervenors request a comprehensive list of all Right-of-Way Providers to be released by the Settlement Agreement. We agree with Magistrate Judge Brown that no such comprehensive list exists, that it would be unduly burdensome and virtually impossible to prepare such a list, and that such list would not significantly aid the Court in a preliminary determination of the fairness of the settlement.

First, it is clear that no such comprehensive list currently exists. The Defendants have produced to Intervenors copies of all agreements between Defendants and the railroads. Since the Settlement Agreement deals with right-of-way along railroads, these agreements will reveal the identities of the vast majority Right-of-Way Providers to be released by the Settlement Agreement. However, it would not be possible for defendants to identify all Right-of-Way Providers at this time. A railroad with whom a Settling Defendant has contracted may have changed its name, been sold, or otherwise changed hands, such that the current right-of-way holder may be unknown to Defendants, further complicating the creation of a comprehensive list of released Right-of-Way Providers. At the end of the day, Intervenors are already in possession of the most "comprehensive" information Defendants currently possess as to Right-of-Way Providers to be released. We find this to be sufficient at this stage of the litigation.

Beyond the fact that the list requested by Intervenors does not exist, Intervenors have failed to show how the identity of the "unidentified" Right-of-Way Providers is relevant to the Court's determination of whether the Settlement Agreement at issue in this case is fair and reasonable. Intervenors attempt to get around this problem by claiming that such information is

3

necessary because some members may have potential claims against alleged unidentified Right-of-Way Providers which might be released by the Settlement Agreement for little or no consideration. However, Intervenors have identified no separate claims against any alleged "unidentified Right-of-Way Providers" which would be released as a result of the Settlement Agreement. The claims against the Right-of-Way Providers that will be released arise out of the same transactions and involve the same alleged damages as the claims against the Settling Defendants. There is no need to identify Right-of-Way Providers explicitly in order to assess the fairness of the Settlement. Moreover, to the extent Intervenors believe they need that information, Defendants have provided as much of it as they can, by producing their agreements with Right-of-Way Providers. Finally, specific identification of Rights-of-Way, which will occur prior to Notice, will be by reference to the Right-of-Way Providers. This will provide all class members with information concerning the parties to be released. As recognized by Magistrate Judge Brown, additional identification of other Right-of-Way Providers at this point would not "move[] the question of the fairness hearing significantly down the field."

For these reasons, we deny Intervenors' Objection to the Magistrate Judge Brown's Order.

## CONCLUSION

For the foregoing reasons, we deny Intervenors Chem-Tronics, Inc.'s Objections to the February 11, 2003 Order of Magistrate Judge Geraldine Soat Brown.

It is so ordered.

Wayne R. Andersen

United States District Judge

Dated: July 2, 2003