# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Wayne R. Andersen | Sitting Judge if Other than Assigned Judge | Geraldine Soat Brown |
|---|---|---|---|
| **CASE NUMBER** | 99 C 3844 | **DATE** | 9/3/2003 |
| **CASE TITLE** | Smith vs. Sprint | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)   ☐ Local Rule 41.1   ☐ FRCP41(a)(1)   ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons set out in the Memorandum Opinion and Order, Union Pacific Railroad Company's Motion to Enforce Stipulated Supplemental Protective Order is GRANTED. The Buhl Intervenors are ordered to return all copies of Defendant Union Pacific Rail Road Company's Responses to Defendant Sprint Communication Company L.P.'s First Interrogatories to Union Pacific's counsel within 5 days of this order, and may not disseminate any information derived therefrom or make use of that information in any way without further order of the Court.
Additionally, the papers filed under seal in this case relating to the Motion for Preliminary Approval of Amended Settlement [dkt ## 348, 401, 352, 353, 372, 374, 375, 376, 377, 387 and 388] shall be unsealed and placed in the public record. This part of the order only is stayed for 10 days in order to allow any affected party to petition the court for specific relief from this part of the order.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | SEP 3 - 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | U.S. DISTRICT COURT CLERK | docketing deputy initials | 420 |
| ✓ | Copy to judge/magistrate judge. | | 9/3/2003 | |
| | gr | courtroom deputy's initials | 03 SEP -3 PM 1:51 | date mailed notice gr |
| | | | Date/time received in central Clerk's Office | mailing deputy initials |


| | |
|---|---|
| WAYNE P. SMITH, et al., ) | |
| Plaintiffs, ) | Cause No. 99 C 3844 |
| ) | |
| v. ) | Judge Wayne Andersen |
| ) | |
| SPRINT COMMUNICATIONS ) | Magistrate Judge Geraldine Soat Brown |
| COMPANY, L.P., et al., ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Magistrate Judge Geraldine Soat Brown

Before the court is Union Pacific Railroad Company's Motion to Enforce Stipulated Supplemental Protective Order. For the reasons set out below that motion is GRANTED, but with a further order.

On October 15, 2002, a Stipulated Supplemental Protective Order (the "Protective Order") was entered to preserve the confidentiality of sensitive business information pursuant to Fed. R. Civ. 26(c). [Dkt # 178.] At that time, a Joint Motion for Preliminary Approval of Settlement between the defendant telecommunications companies (the "Settling Defendants") and a class of plaintiffs had been filed. A number of class members had moved to intervene in order to object to the proposed settlement. The objectors were in the process of taking discovery concerning the proposed settlement. The Protective Order was entered to facilitate the discovery process relating to the proposed settlement.

At the same time the Protective Order was entered, this court further ordered that "[a]ccess to documents designated confidential pursuant to stipulated supplemental protective order will be limited to those parties who have signed and agreed to the protective order." (Order, Oct. 15, 2002.)

420

Subsequently, an amended settlement agreement was reached, and the Settling Defendants moved for preliminary approval of the amended settlement. [Dkt # 343.] The memorandum and exhibits in support of the preliminary approval were filed under seal pursuant to the Protective Order because they contained information designated "highly confidential" under the Protective Order. [Dkt## 352, 353.] Also, certain intervenors filed objections to the amended settlement, which were also filed under seal. [Dkt## 348, 401.]

Defendant Union Pacific Railroad Company brings the present motion because its answers to defendant Sprint's first set of interrogatories, which Union Pacific designated as "highly confidential," were included as an exhibit in support of the Settling Defendants' motion for preliminary approval and mentioned in both the Settling Defendants' and the 9-M Intervenors' respective memoranda. Apparently it is undisputed that both memoranda and the Settling Defendants' exhibits, including Union Pacific's answers to interrogatories, were served upon counsel for the Buhl Intervenors. (Buhl Intervenors' Resp. Mot. Enforce Protective Order at 1.) [Dkt# 408.] The Buhl Intervenors, through their counsel, have made it clear that they will never agree to Protective Order. (*Id.*) Union Pacific's motion requests that this court order the Buhl Intervenors to execute the Protective Order or return or destroy the confidential discovery responses, as well as ordering the other parties to comply with the Protective Order.

It is clear that the Settling Defendants and the 9-M Intervenors should not have served highly confidential information governed by the Protective Order upon parties that had not signed the Protective Order. It is presumed that such service was inadvertent, and that no additional order is necessary to enforce the obligations of the Protective Order.

It is also clear that, under the terms of the Protective Order, the Buhl Intervenors are not

entitled to retain or use the highly confidential material governed by the Protective Order. The Buhl Intevenors' counsel knew that he had received materials had been filed under seal and that he was not entitled to receive pursuant to this court's orders described above. The proper course for the Buhl Intervenors would have been to move for relief from the Protective Order, and not just to ignore properly entered orders of the court, even if the Intervenors disagreed with the orders. Therefore, Union Pacific's motion is granted, and the Buhl Intervenors are ordered to return to Union Pacific's counsel all copies of Defendant Union Pacific Railroad Company's Responses to Defendant SprintCommunication Company L.P.'s First Interrogatories within 5 days of this order, and may not disseminate any information derived therefrom or make use of that information in any way without further order of the Court.

However, it is also true that the answers designated "highly confidential" were among the materials submitted by the Settling Defendants in support of the motion for preliminary approval of the amended settlement agreement. The District Judge held several days of public hearings on that motion, at which time factual as well as legal arguments were raised, and materials both for and against the settlement were discussed publicly. At the conclusion, the District Judge preliminarily approved a settlement of this action and certified a settlement class. [Dkt # 367.] Certain intervenors have requested review of that decision by the Court of Appeals. [Dkt# 395, 399.]

The Seventh Circuit has made it clear that matters that become part of judicial decision making should, with few exceptions, be open to the public.

> Secrecy is fine at the discovery stage, before the material enters the judicial record. But those documents, usually a small subset of all discovery, that influence or underpin the judicial decision are open to public inspection unless they meet the definition or trade secrets or other categories of bona fide long-term confidentiality.

3

*Baxter International, Inc. v. Abbott Laboratories*, 297 F.3d 544, 545 (7th Cir. 2003)(citations omitted).

Continuing to hold under seal the Settling Defendants' memorandum and materials in support of the motion for preliminary approval and the 9-M Intervenors' memorandum in opposition is contrary to that principle. It further appears that the only highly confidential material asserted in support of or opposition to the preliminary approval is Union Pacific's answer to the question or questions concerning the length of right of way occupied by the AT&T cable that also has cable installed by another company. (Settling Defendants' Memorandum at 6-7; 9-M Intervenors' Memorandum at 17.) It is not clear why this is "highly confidential" information, but it hardly seems to justify sealing of the entire filing in this very public matter. Also, the confidential nature of this information may have been waived by its use during the public hearings on the motion for preliminary approval. Furthermore, under the Seventh Circuit's Internal Operating Procedure 10, every document filed in the Seventh Circuit is in the public record, whether or not sealed in the district court, unless a judge of the Seventh Circuit orders it to be sealed or is required to be sealed by statute or a rule of procedure.

Therefore, it is further ordered as follows: The papers filed under seal in this case relating to the Motion for Preliminary Approval of Amended Settlement, [dkt ## 348, 401, 352, 353, 372, 374, 375, 376, 377, 387 and 388], shall be unsealed and placed in the public record. This part of the order only is stayed for 10 days in order to allow any affected party to petition the court for specific relief from this part of the order.

**IT IS SO ORDERED.**

*[signature]*
GERALDINE SOAT BROWN
**DATED: September 3, 2003**     United States Magistrate Judge